Ledee v Matthes (2020 NY Slip Op 06514)





Ledee v Matthes


2020 NY Slip Op 06514


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2017-09132
 (Index No. 606279/15)

[*1]Reginald J. Ledee, appellant, 
v
Stephanie Matthes, respondent.


Frekhtman & Associates, Brooklyn, NY (Eileen Kaplan of counsel), for appellant.
Sette & Apoznanski (Russo & Tambasco, Melville, NY [Susan J. Mitola], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered August 16, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident on April 8, 2014. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order entered August 16, 2017, the Supreme Court granted the defendant's motion. The plaintiff appeals.
The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained serious injuries to the cervical and lumbar regions of his spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219).
Since the defendant's expert did not opine as to the cause of the alleged injuries to the cervical and lumbar regions of the plaintiff's spine, the defendant failed to establish, prima facie, that those alleged injuries were not caused by the accident. Thus, the burden did not shift to the plaintiff to raise a triable issue of fact regarding causation or to explain any gap in treatment as to the cervical and lumbar regions of his spine (see Pommells v Perez, 4 NY3d 566, 572; Torres v [*2]Rettaliata, 171 AD3d 829, 830).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
MASTRO, J.P., MILLER, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court